**Opinion filed May 28, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00268-CV
_____

## IN THE INTEREST OF D.C.M.F., A CHILD

---

**On Appeal from the 318th District Court**
**Midland County, Texas**
**Trial Court Cause No. FM66411**

---

## MEMORANDUM OPINION

This is an appeal from an order in which the trial court, after a de novo hearing, terminated the parental rights of D.C.M.F.'s father. The father filed this appeal. On appeal, he presents four issues challenging the legal and factual sufficiency of the evidence. We affirm.

### Termination Findings and Standards

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2020). To terminate parental rights, it must be shown by clear and convincing evidence that the parent

has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. *Id.*

In this case, the trial court found that Appellant had committed two of the acts listed in Section 161.001(b)(1)—those found in subsections (E) and (Q). Specifically, the trial court found that Appellant had engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the child's physical or emotional well-being and that Appellant had knowingly engaged in criminal conduct that resulted in his conviction of an offense and confinement or imprisonment and inability to care for the child for not less than two years from the date that the petition was filed. The trial court also found, pursuant to Section 161.001(b)(2), that termination of Appellant's parental rights would be in the best interest of the child.

To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the

2

programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent–child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

*Evidence Presented at Trial*

The Department received an intake when D.C.M.F. was almost two years old. His mother and her new baby had tested positive for cocaine at the time of the baby's birth. D.C.M.F. tested positive for methamphetamine, cocaine, and marihuana. The mother admitted that she had used drugs in the presence of D.C.M.F. Appellant was not involved with the mother or D.C.M.F. at the time of the intake; he was incarcerated.

Appellant has been incarcerated for most of D.C.M.F.'s life. He was incarcerated at the time of removal and throughout the time that this case was pending in the trial court. Appellant appeared at trial via telephone. Appellant acknowledged that, at the time of trial, he was incarcerated for the offense of possession of a controlled substance (methamphetamine) and that, unless he is released on parole, he will remain incarcerated until 2033. Appellant testified that he had been told near the time of D.C.M.F.'s birth that he was D.C.M.F.'s father. Appellant had visited D.C.M.F. only two or three times and had not seen him since he was younger than one month old. Appellant also acknowledged that D.C.M.F.'s mother had no family support system to help her care for the baby. Appellant claimed that, with the exception of marihuana, he did not know about the mother's drug use.

The record reflects that Appellant was convicted in 2019 of the offense of possession of a controlled substance and was sentenced to a term of fifteen years' imprisonment. Appellant had also committed the following felony offenses: theft by repetition in 2014, burglary of a habitation in 2007, delivery of a controlled substance in 2003, unlawful possession of a firearm by a felon in 2003, and escape in 1997.

The conservatorship caseworker, the foster mother, and the children's guardian ad litem all believed that termination of Appellant's parental rights would be in D.C.M.F.'s best interest. D.C.M.F. had substantial behavioral, developmental, and health concerns at the time of removal. However, after removal, D.C.M.F. was placed in a stable and loving foster home with his half-brother, and they were doing well there. The foster parents "[a]bsolutely" wish to adopt D.C.M.F. if he becomes available for adoption.

*Analysis*

In his first two issues, Appellant challenges the legal and factual sufficiency of the evidence to prove grounds (E) and (Q). We must address Appellant's first issue—his challenge to the trial court's finding under Section 161.001(b)(1)(E). *See In re N.G.*, 577 S.W.3d 230, 234–35 (Tex. 2019) (addressing due process and due course of law with respect to appellate review of grounds (D) and (E) and holding that an appellate court must provide a detailed analysis if affirming the termination on either of these grounds).

Under subsection (E), the relevant inquiry is whether evidence exists that the endangerment of the child's well-being was the direct result of the parent's conduct, including acts, omissions, or failures to act. *In re D.O.*, 338 S.W.3d 29, 33 (Tex. App.—Eastland 2011, no pet.). Additionally, termination under subsection (E) must be based on more than a single act or omission; a voluntary, deliberate, and conscious course of conduct by the parent is required. *In re D.T.*, 34 S.W.3d 625, 634 (Tex.

4

App.—Fort Worth 2000, pet. denied); *In re K.M.M.*, 993 S.W.2d 225, 228 (Tex. App.—Eastland 1999, no pet.). The offending conduct does not need to be directed at the child, nor does the child actually have to suffer an injury. *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009).

Mere imprisonment, standing alone, does not support a finding under subsection (E) as it does "not . . . constitute engaging in conduct which endangers the emotional or physical well-being of a child." *Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987). However, evidence of criminal conduct, convictions, and imprisonment and their effect on the parent's life and ability to parent may establish an endangering course of conduct. *In re B.C.S.*, 479 S.W.3d 918, 926 (Tex. App.—El Paso 2015, no pet.). An offense committed by a parent before the birth of the parent's child "can be a relevant factor in establishing an endangering course of conduct." *In re E.N.C.*, 384 S.W.3d 796, 804–05 (Tex. 2012) (citing *J.O.A.*, 283 S.W.3d at 345).

The record in this case shows that Appellant had an extensive criminal history that included at least six felony convictions, two of which were drug related. Appellant, who was forty-four years old at the time of the de novo hearing, testified that he had been incarcerated for about half of his life. The trial court could have determined from this evidence that Appellant voluntarily engaged in an endangering course of conduct. *See In re S.L.-E.A.*, No. 02-12-00482-CV, 2013 WL 1149512, at *8–10 (Tex. App.—Fort Worth Mar. 21, 2013, pet. denied) (mem. op.) (upholding termination on ground (E) under similar circumstances); *see also J.O.A.*, 283 S.W.3d at 345–46; *In re S.F.*, 32 S.W.3d 318, 322 (Tex. App.—San Antonio 2000, no pet.). We believe that the trial court could have found by clear and convincing evidence that Appellant had engaged in a course of conduct that endangered D.C.M.F.'s physical or emotional well-being. Accordingly, we hold that the evidence is legally and factually sufficient to uphold the trial court's finding under subsection (E). We

overrule Appellant's first issue. Because only one statutory ground is necessary to support termination and because we have upheld the trial court's finding under subsection (E), we need not address Appellant's second issue. *See* FAM. § 161.001(b)(1); *N.G.*, 577 S.W.3d at 234–35.

We add, however, that even if we were to conclude that the finding under subsection (E) was not supported by sufficient evidence, we would uphold the finding made pursuant to subsection (Q), the finding that Appellant challenges in his second issue. To support a finding under subsection (Q), the record must show that the parent will be incarcerated or confined and unable to care for the child for at least two years from the date the termination petition was filed. FAM. § 161.001(b)(1)(Q); *In re H.R.M.*, 209 S.W.3d 105, 110 (Tex. 2006).

The Department produced clear and convincing evidence from which the trial court could reasonably have formed a firm belief that Appellant had knowingly engaged in criminal conduct, that he was duly convicted and imprisoned for that conduct, and that his imprisonment and inability to care for D.C.M.F. would continue for more than two years after the date that the petition was filed in this cause. Neither Appellant nor any of his family members was able to provide care for D.C.M.F. during the requisite two-year period. *See H.R.M.*, 209 S.W.3d at 110; *In re Caballero*, 53 S.W.3d 391, 396 (Tex. App.—Amarillo 2001, pet. denied). Thus, the evidence is legally and factually sufficient to support the trial court's finding under subsection (Q). *See H.R.M.*, 209 S.W.3d at 108–10; *Caballero*, 53 S.W.3d at 396.

In his third issue, Appellant challenges the sufficiency of the evidence to support the trial court's finding that termination of Appellant's parental rights was in the best interest of D.C.M.F. As set forth above, D.C.M.F. had been placed in an appropriate foster home and had thrived there. The conservatorship caseworker and the guardian ad litem believed that termination of Appellant's parental rights would

be in D.C.M.F.'s best interest. Appellant had been incarcerated for nearly all of D.C.M.F.'s life and could remain incarcerated until after D.C.M.F. turns sixteen years old. Appellant was unable to care for D.C.M.F. and had no relationship with him. Based upon the evidence presented in this case, we defer to the trial court's finding. *See C.H.*, 89 S.W.3d at 27.

We hold that, based on the evidence presented at trial and the *Holley* factors, the trial court could reasonably have formed a firm belief or conviction that termination of Appellant's parental rights would be in D.C.M.F.'s best interest. *See Holley*, 544 S.W.2d at 371–72. Upon considering the record as it relates to the emotional and physical needs of D.C.M.F. now and in the future, the emotional and physical danger to D.C.M.F. now and in the future, the parental abilities of those involved, the plans for the child by the Department, Appellant's criminal activity, and the stability of D.C.M.F.'s placement, we hold that the evidence is sufficient to support the finding that termination of Appellant's parental rights is in the best interest of D.C.M.F. *See id.* We cannot hold that the finding as to best interest is not supported by clear and convincing evidence. We overrule Appellant's third issue on appeal.

In his final issue, Appellant contends that the evidence is legally and factually insufficient to support the appointment of the Department as the permanent managing conservator of D.C.M.F. We disagree. Under this issue, Appellant reiterates his challenge to the sufficiency of the evidence to support termination under Section 161.001(b).

The findings necessary to appoint a nonparent as sole managing conservator need only be established by a preponderance of the evidence. *Lewelling v. Lewelling*, 796 S.W.2d 164, 167 (Tex. 1990). Consequently, we review a trial court's conservatorship decision under a less stringent standard of review than the standard for termination. *In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007). A conservatorship

determination is subject to review for an abuse of discretion and may be reversed only if that determination was arbitrary and unreasonable. *Id.* As we held above, the trial court's finding that termination of Appellant's parental rights would be in the best interest of the child was supported under the higher, clear-and-convincing burden of proof. The record shows that both Appellant and the child's mother had demonstrated an inability to safely parent the child; that no suitable family member was available for placement; that the Department's goal for the child was adoption by the foster parents; and that the child was doing well in the care of the foster parents. The trial court did not abuse its discretion with respect to the appointment of the Department as the child's permanent managing conservator. We overrule Appellant's fourth issue.

*This Court's Ruling*

The order of the trial court is affirmed.


JOHN M. BAILEY<br>CHIEF JUSTICE


May 28, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.